IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PHILIP FOWLER,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**OSP PREVENTION GROUP, INC.** and **WILLIAM E. MABRY II,**<br><br>    **Defendants.** | Civil Action No. _____ |

## COMPLAINT

Plaintiff Philip Fowler, by and through the undersigned counsel, asserts a claim against Defendants OSP Prevention Group, Inc. and William E. Mabry II under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), for overtime pay compensation and other relief on the grounds set forth as follows:

### Introduction

1.

In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq.*, Plaintiff Fowler seeks to recover unpaid overtime wages from his former employers, who operate a property damage investigation business. Mr. Fowler worked for Defendants as a property damage investigator for approximately September 2014 through May

2016. He regularly worked in excess of 40 hours per week, but Defendants paid him no overtime wages.

**Jurisdiction and Venue**

2.

The jurisdiction of this Court of Plaintiff's claim under the Fair Labor Standards Act is invoked under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**Parties**

4.

Plaintiff Philip Fowler is a natural person and resident of the State of Georgia.

5.

Defendant OSP Prevention Group, Inc. ("OSP") is a domestic corporation existing under the laws of the State of Georgia and is subject to the jurisdiction of this Court. OSP may be served with process via service on its registered agent for service, Wadi Muhaisen, at 10 Glen Lake Parkway, Suite 130, Atlanta, Georgia 30328.

6.

Defendant OSP is subject to the personal jurisdiction of this Court.

7.

Defendant William E. Mabry II ("Mabry") is a natural person. Mabry may be served with process at his residence, located at 230 18th Street NW, Unit 1120, Atlanta, Georgia 30363-1073, or wherever he may be found.

8.

Defendant Mabry is subject to the personal jurisdiction of this Court.

**General Factual Allegations**

9.

Defendant OSP is a risk management company which operates and does business in multiple states, including New Mexico, Virginia, Maryland and Georgia.

10.

Defendant OSP, among other services, provides investigation services to broadband service providers, such as Comcast to investigate and document property damage done to its customers' underground property by construction projects and other work performed by utility companies.

11.

Defendant OSP employed Mr. Fowler as a Property Damage Investigator from approximately September 2014 through May 2016.

12.

As a Property Damage Investigator, Fowler's duties were to travel to the sites where utility companies or other persons caused damage to the property of OSP's customers and to investigate the cause of the damage and document the damage done, so that OSP's customers could make damage reimbursement claims to the utility companies or others responsible for causing the property damage.

13.

Defendant OSP was and is an "employer" of Plaintiff and the class he represents as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

14.

Defendant OSP is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) and has been in each of the years 2012, 2013, 2014 and 2015.

15.

In 2013, OSP had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

In 2013, OSP had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

In 2013, OSP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

In 2014, OSP had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

In 2014, OSP had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

In 2014, OSP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

In 2015, OSP had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

In 2015, OSP had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

23.

In 2015, OSP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

In 2016, OSP had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

In 2016, OSP had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

26.

In 2016, OSP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

At all relevant times, Plaintiff was a "employee" of Defendant OSP as defined in 29 U.S.C. § 203(e)(1).

28.

At all relevant times, the work done by Plaintiff as a Property Damage Investigator was an integral and essential part of Defendants' business.

29.

At all relevant times, the position of Property Damage Investigator required no special skills, training, or knowledge beyond general investigation experience.

30.

At all relevant times, the position of Property Damage Investigator did not require a professional license.

31.

At all relevant times, the position of Property Damage Investigator did not require a four year college degree.

32.

At all relevant times, Plaintiff did not supervise or manage two or more full-time employees or their equivalent.

33.

As a Property Damage Investigator, Plaintiff spent the majority of his work time travelling and working in the field at the location at which the damage they were investigating occurred.

34.

At all relevant times, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

35.

At all relevant times, OSP did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213(a).

36.

At all relevant times, OSP did not employ Fowler in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

37.

At all relevant times, OSP did not employ Fowler in a bona fide executive capacity within the meaning of 29 USC § 213(a).

38.

At all relevant times, Defendant Mabry was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) inasmuch as he was acting directly or indirectly in the interest of OSP in his interactions with Plaintiff, and he controlled the terms and conditions of employment of Plaintiff on a day-to-day basis.

39.

At all relevant times, Defendant Mabry was involved in the day-to-day operation of OSP.

40.

At all relevant times, OSP vested Mabry with supervisory authority over Plaintiff.

41.

At all relevant times, Mabry exercised supervisory authority over Plaintiff.

42.

At all relevant times, Mabry scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

43.

At all relevant times, Mabry exercised authority and supervision over Plaitniff's compensation.

44.

Defendant Mabry exercised the ultimate control over hiring and firing employees, including Plaintiff.

45.

Defendant Mabry had authority and control over Defendant OSP's common policy of misclassifying Property Damage Investigators as exempt from the FLSA's overtime pay requirements and Defendant OSP's failure to pay Property Damage Investigators overtime pay when they worked in excess of forty (40) hours in any given workweek.

46.

In classifying Plaintiff as exempt from the overtime pay requirements of the FLSA, Defendants did not rely on any letter ruling from the U.S. Department of Labor indicating that such practice was permitted under the FLSA.

56.

47.

In classifying Plaintiff as exempt from the overtime pay requirements of the FLSA, Defendants did not rely on any legal advice indicating that such practice was permitted under the FLSA.

## CLAIMS FOR RELIEF

## Count One
## Violation of 29 U.S.C. §§ 207 and 215

48.

Paragraphs 1 through 47 are incorporated herein by this reference.

49.

Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours per week.

50.

Defendants paid Plaintiff no wages at all for the overtime hours he worked.

51.

Defendants failed to compensate Plaintiff at the legally required overtime rate for all work hours over forty (40) in each workweek.

52.

Defendants' failure to compensate Plaintiff at the required rate for all hours actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended.

53.

Defendants' violation of the FLSA was willful, thereby extending the FLSA's statute of limitations to three years.

Plaintiff is entitled to receive from Defendants all unpaid overtime wages accrued during the three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid overtime compensation, and reasonable attorney's fees and costs of litigation, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff requests that this Court:

(a)  Take jurisdiction of this matter;

(b)  Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(d)  Grant a trial by jury as to all matters properly triable to a jury;

(e)  Issue a judgment declaring that Plaintiff was covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(f)  Award Plaintiff proper payment for each overtime hour worked during the relevant time period, plus liquidated damages equaling 100% of the unpaid overtime wages, as required by the FLSA;

(g)  Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

(i)  Award Plaintiff nominal damages;

(j) Award Plaintiff and his reasonable attorney's fees and costs of litigation; and

(k) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted this 5th day of October 2017.

                                                **DELONG, CALDWELL, BRIDGERS,  
FITZPATRICK & BENJAMIN, LLC**

| | |
|---|---|
| | */s/ Mitchell D. Benjamin* |
| 3100 Centennial Tower | Mitchell D. Benjamin |
| 101 Marietta Street, NW | Georgia Bar No. 049888 |
| Atlanta, Georgia 30303 | |
| (404) 979-3150 Telephone | */s/ Matthew W. Herrington* |
| (404) 979-3170 Facsimile | Matthew W. Herrington |
| benjamin@dcbflegal.com | Georgia Bar No. 275411 |
| matthew.herrington@dcbflegal.com | |
| | ATTORNEYS FOR PLAINTIFF |