UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILLIP FOWLER AND JEFFREY SWANS,)
                        )
      Plaintiffs,        )
                        )
      v.              )      CIVIL ACTION NO.
                        )      1:17-cv-03911-MHC
                        )
OSP PREVENTION GROUP, INC. and  )
WILLIAM E. MABRY II        )
                        )
      Defendants.       )
_____ )

**<u>DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR
EXTENSION OF THE DISCOVERY PERIOD SOLELY FOR THE
PURPOSE OF TAKING DEPOSITIONS AND TO COMPEL
DEFENDANTS' ATTENDANCE AT DEPOSITION</u>**

     Defendants OSP Prevention Group, Inc. and William E. Mabry II file this

Objection to Plaintiffs' Motion for Extension of the Discovery Period Solely for the

Purpose of Taking Depositions and to Compel Defendants' Attendance at

Deposition ("the Motion") and show the court as follows:

     On June 6, 2018, Plaintiffs' served a Notice of Deposition on counsel for OSP

pursuant to Rule 30(b)(6) notifying counsel of Plaintiffs' intention to take the

deposition of a duly designated representative of OSP on Monday, June 25, 2018.

See Exhibit 1. Plaintiffs' Counsel, Matthew Herrington, did not contact Defendants'

Counsel, Wright Mitchell, prior to unilaterally scheduling the deposition to

determine whether June 25, 2018 was a convenient date for OSP's Rule 30(b)(6) representative, William E. Mabry II.  Nevertheless, on June 7, 2018, Mr. Mitchell informed Mr. Herrington that he would check with Mr. Mabry to determine whether he was available on the unilaterally noticed date.  *Id.*

On June 18, 2018, Mr. Herrington sent another unilaterally scheduled Notice of Deposition for Mr. Mabry's individual testimony on June 25, 2018, but indicated that he would not need to take a separate deposition if Mr. Mabry was OSP's 30(b)(6) deponent.  See Exhibit 2.  Mr. Mitchell confirmed that Mr. Mabry was indeed OSP's 30(b)(6) designee and again stated that he would contact Mr. Mabry to determine if the noticed deposition date was convenient.  *Id.*  Mr. Mitchell also indicated that he was serving written discovery and intended to take the depositions of Plaintiffs and proposed as three (3) month discovery extension.  *Id*.  Mr. Mitchell asked Mr. Herrington to confirm whether the discovery extension was acceptable. *Id.*  On June 18, 2018, Mr. Herrington responded that he would not agree to an extension of discovery for the purposes of taking written discovery.  See Exhibit 3. On the same day, Defendants served Interrogatories and Requests for Production of Documents on Plaintiffs.  See Exhibit 4.

On June 19, 2018, Mr. Mitchell notified Mr. Herrington via email that Mr. Mabry would be out of town on the date of the noticed deposition.  See Exhibit 5.

Mr. Mitchell asked Mr. Herrington to propose another date for Mr. Mabry's deposition. *Id.* Instead, Mr. Herrington instructed Mr. Mitchell to provide proof of Mr. Mabry's travel plans and accused him of lying about his trip. See Exhibit 6. Although Mr. Mabry was under no obligation to provide proof of his travel plans, he willingly provided confirmation of a hotel reservation in Seattle, Washington for the dates of Sunday, June 24, 2018 until Tuesday, June 26, 2018. See Exhibit 7. In response, Mr. Herrington stated that he still believed that Mr. Mabry was lying about his trip and indicated that he would go forward with the noticed deposition on June 25, 2018. See Exhibit 8. In a further good faith effort to provide Mr. Herrington with evidence of Mr. Mabry's travel plans, Mr. Mitchell provided Mr. Herrington with a confirmation for Mr. Mabry's flight to Seattle on Delta Airlines. See Exhibit 9. Still not satisfied, Mr. Herrington alleged that OSP was refusing to appear at the deposition on June 25, 2018. See Exhibit 10. Mr. Mitchell replied with an email on June 22, 2015 stating again that Mr. Mabry was out of town and would not available for the noticed deposition. See Exhibit 11. Mr. Herrington replied by alleging, incorrectly, that "you waited until the Friday night before a scheduled Monday morning deposition to convey your clients' refusal to attend on the morning of June 25, 2018." See Exhibit 12. Mr. Mitchell responded to Mr. Herrington's erroneous assertion in an email sent on June 25, 2018 that reads as follows:

I informed you on Monday, June 18th that Mr. Mabry (OSP's 30(b)(6) designee) would not be available to be deposed on your noticed date. You would not accept this representation at face value and insisted on proof of his travel arrangements, which we provided on Friday. To state that we "waited" until Friday to inform you of Mr. Mabry's inability to attend your unilaterally scheduled deposition is disingenuous. Mr. Mabry is not going to change his mind. He is currently in Seattle. ***If you would like to provide me with some additional dates for his deposition, I am happy to try and schedule this. I have already provided you with the dates when I am unavailable.*** Also, in light of the fact that discovery expires on Friday and no depositions have been conducted, we are going to need to seek an extension.

See Exhibit 13.

Despite Mr. Mitchell's offer on at least two (2) occasions to try and reschedule Mr. Mabry's noticed deposition, Mr. Herrington has not proposed a single alternative date. Instead, Mr. Herrington filed the subject Motion seeking to compel Mr. Mabry's appearance on July 17, 2018. Defendants object to Mr. Herrington's unilateral attempt to schedule Mr. Mabry's deposition yet another time. Mr. Mitchell has indicated that he will work to find a date for Mr. Mabry's deposition that is convenient for all parties, but Mr. Herrington ignored this offer and instead persisted in his efforts to unilaterally notice Mr. Mabry's deposition. This is simply poor form. Although the July 17, 2018 date may work, Defendants have not been given opportunity an opportunity to confer about this date. Mr. Mitchell is confident that two reasonably intelligent attorneys can find a convenient date for Mr. Mabry's

deposition without having to resort to the court for intervention if they simply work together in the expected manner.

As it pertains to Plaintiffs' request for a discovery extension, Defendants do no object to an extension of the discovery deadline but do object to an extension solely for the purposes of allowing Plaintiffs to take depositions.   Instead, Defendants seek a discovery extension of one month for all permitted purposes, including deposing Plaintiffs and obtaining a response to their written discovery requests.  Defendants will file a separate Motion seeking such an extension.

Respectfully submitted this 28th day of June, 2018.

*/s/ W. Wright Mitchell*
W. Wright Mitchell
Georgia Bar No. 513680
wright@wrightmitchell.com
 (t) 404-272-1878

*Counsel for Defendants OSP Prevention,
Inc. and William E. Mabry II*

## CERTIFICATION OF COUNSEL

Pursuant to LR 7.1, the above-signed counsel certifies that the foregoing document was prepared using Times New Roman 14-point font, one of the fonts and points approved by the Court.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILLIP FOWLER AND JEFFREY SWANS,)
                                   )
            Plaintiffs,            )
                                   )
        v.                         )        CIVIL ACTION NO.
                                   )        1:17-cv-03911-MHC
                                   )
OSP PREVENTION GROUP, INC. and     )
WILLIAM E. MABRY II                )
                                   )
            Defendants.            )
_____    )

## CERTIFICATE OF SERVICE OF OSP PREVENTION GROUP, INC AND WILLIAM E. MABRY II

I hereby certify that on June 28, 2018 I electronically filed *Defendants' Objection to Plaintiffs' Motion for Extension of the Discovery Period Solely for the Purpose of Taking Depositions and to Compel Defendants' Attendance at Deposition* using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Mitchell D. Benjamin
Matthew W. Herrington
DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin
3100 Centennial Tower
101 Marietta Street NW
Atlanta, Georgia 30303
(404) 596-7972
Mitchell.Benjamin@dcbflegal.com
Matthew.herrington@dcbflegal.com

                        */s/ W. Wright Mitchell*_____
                        W. Wright Mitchell
                        Georgia Bar No. 513680

- 6 -